UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S.W., by and through her parents and guardians, K.C.W. and F.W., individually, on behalf of similarly situated individuals, and derivatively on behalf of the Raytheon Health Benefits Plan,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY; RAYTHEON HEALTH BENEFITS PLAN; AND WILLIAM M. BULL<br><br>Defendants. | Civil Action No. |

## CLASS ACTION COMPLAINT

### I. PARTIES

1. ***S.W.***  Plaintiff S.W. is the two-year-old daughter and dependent of K.C.W. and F.W., and resides in Middlesex County, Massachusetts.  S.W. is a beneficiary, as defined by the Employment Retirement Security of Act of 1974 ("ERISA") § 3(8), 29 U.S.C. § 1002(8), of the Raytheon Health Benefit Plan.  S.W.'s coverage is through F.W.'s employment with Raytheon.

2. ***Raytheon Health Benefit Plan.***  Defendant Raytheon Health Benefit Plan ("Plan") is an employee welfare benefit plan under ERISA.  The Plan provides health benefits for Raytheon employees and their dependents such as S.W.

3. ***Raytheon Company.***  Raytheon Company ("Raytheon") is the "Plan Sponsor" and is a named fiduciary under ERISA.

4. ***William M. Bull.***  William M. Bull, Vice President – Compensation, Benefits, Performance Development, Mergers & Acquisitions and Workforce Intelligence at Raytheon is the "Plan Administrator" and a named fiduciary under

ERISA. The Plan, Raytheon and Mr. Bull shall be collectively referred to as "Defendants."

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

6. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, a defendant resides or may be found in this district.

## III. NATURE OF THE CASE

7. S.W. seeks to end Defendants' standard practice of discrimination in the provision of health benefits against S.W. and other enrollees with autism spectrum disorder ("ASD"). Early and intensive provision of medically necessary Applied Behavior Analysis ("ABA") therapy can dramatically improve the health and life-long well-being of insureds with ASD. Defendants, however, exclude coverage of medically necessary ABA therapy to treat ASD. Plaintiff seeks to enforce the Federal Mental Health Parity Act and the applicable provisions of the Affordable Care Act, though ERISA and the terms of the Plan, to end such discriminatory practices.

8. On October 3, 2008, Congress passed the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, commonly known as the Federal Mental Health Parity Act. The Federal Mental Health Parity Act expanded the scope of previous federal legislation on access to mental health coverage and was "designed to end discrimination in the provision of coverage for mental health and substance use disorders, as compared to medical and surgical conditions." *Coalition for Parity v. Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010). The Federal Mental Health Parity Act requires that the exclusions and limitations imposed on mental health services are "no more restrictive" than those applied to substantially all medical and surgical

benefits. *See* 29 U.S.C. § 1185a(a)(3); 42 U.S.C. § 300gg-5(a)(3); 26 U.S.C. § 9812(a)(3). The Federal Mental Health Parity Act took effect as of October 3, 2009.

9. The Federal Mental Health Parity Act requires Defendants to cover all outpatient and inpatient services to treat mental disorders covered by the diagnostic categories listed in the most current version of the Diagnostic and Statistical Manual of Mental Disorders ("DSM"), so long as the services are medically necessary. It further requires that Defendants ensure that treatment limitations on services to treat DSM mental health conditions are no more restrictive than the predominate treatment limitations imposed on substantially all of the Plan's medical and surgical services. 29 U.S.C. § 1185a(3)(A)(ii).

10. Defendants do not apply the Federal Mental Health Parity Act requirements to all services that are necessary to treat conditions listed in the DSM. Defendants have adopted a uniform policy excluding all coverage for ABA therapy to treat ASD, even when medically necessary. S.W. was denied her pre-service request for coverage of ABA therapy to treat her autism, even though ABA therapy is medically necessary to treat S.W.'s ASD. When S.W. appealed, Defendants denied her appeals, asserting that ABA therapy was excluded from the Plan.

11. Defendants' uniform exclusion of ABA in its Plan, policy and practices violates the requirements of the Federal Mental Health Parity Act, 29 U.S.C. § 1185a, and their implementing regulations, which are incorporated as "terms of the plan[s]" into the Plan under ERISA. By failing to comply with the Federal Mental Health Parity Act and the terms of the Plan, the Defendants are systemically and uniformly failing to properly process claims and administer the Plan. The Plan's participants and beneficiaries have not received the benefits they are entitled to under the Plan or under federal law. The Plan's participants and beneficiaries are being misinformed by Defendants with respect to their right to coverage under the Plan and the Federal Mental Health Parity Act.

12. This lawsuit seeks remedies for Defendants' breach of fiduciary duty under ERISA, arising out of their failure to comply with the terms of the Plan and relevant federal law. It further seeks to recover the benefits that have been wrongfully denied to S.W. and the class she seeks to represent. It also seeks a court order declaring Defendants' exclusions, limitations, policies and practices related to ABA therapy to treat ASD illegal and void. The lawsuit further seeks an injunction to prevent any future or ongoing efforts by Defendants to use and enforce any exclusions, limitations, policies or practices that impermissibly deny, exclude or limit beneficiaries' access to medically necessary ABA therapy to treat ASD under the Plan. Finally, it seeks to require Defendants to provide accurate information concerning the legally-required coverage of ABA under the Plan.

### IV. CLASS ALLEGATIONS

13. *Definition of Class*. S.W. proposes the following class:

All individuals who:

(a) have been, are, or will be participants or beneficiaries under the Raytheon Health Benefit Plan in effort or renewed on or after October 3, 2009 and/or the relevant limitations period; and

(b) who have received, require, or are expected to require Applied Behavior Analysis (ABA) therapy for the treatment of autism and/or autism spectrum disorder.

14. *Size of Class*. The class of persons who have received, require or are expected to require ABA therapy for the treatment of autism or autism spectrum disorder, and who have been, are or will be participants or beneficiaries under the Plan since October 3, 2009 or the relevant limitations period, is expected to number in the hundreds and is so large that joinder of all members is impracticable.

15. *Class Representative S.W.* Named plaintiff S.W. is an enrollee in the Plan. S.W. is diagnosed with ASD, a mental health condition listed in the most

recent Diagnostic and Statistical Manual of Mental Disorders (DSM). S.W. needs ABA therapy to treat her ASD. Defendants denied S.W.'s request for coverage of ABA therapy services as excluded under the Plan. Her claims are typical of the claims of the other members of the class, and through her parents, she will fairly and adequately represent the interests of this class.

16. ***Common Questions of Law and Fact***. This action requires a determination of whether Defendants' policies and practices that deny, exclude and/or limit coverage of ABA therapy to treat ASD violates the terms of the Plan, the Federal Mental Health Parity Act and other relevant federal law, including the Affordable Care Act. Adjudication of this issue will in turn determine whether Defendants are liable under ERISA for their conduct.

17. ***Separate suits would create risk of varying conduct requirements***. The prosecution of separate actions by class members against Defendants would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(1).

18. ***Defendants have acted on grounds generally applicable to the class.*** Defendants, by applying policies and practices that result in the exclusion and improper limitation of coverage of ABA therapy services to treat ASD, have acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the entire class. Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(2).

19. ***Questions of law and fact common to the class predominate over individual issues.*** The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the classes may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there is

no pending class action suit filed against the Defendants for the same relief requested in this action.

20. *Venue.* This action can be most efficiently prosecuted as a class action in the District of Massachusetts, where defendant Raytheon does business and where S.W. resides. Issues as to Defendants' conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under Federal Rule of Civil Procedure 23(b)(3).

21. *Class Counsel.* S.W. has retained experienced and competent class counsel.

## V. FACTUAL BACKGROUND

22. During certain time periods on and after October 3, 2009, S.W. and members of the class have been, are or will be participants or beneficiaries of the Plan, which is subject to ERISA pursuant to 29 U.S.C. § 1003.

23. Since October 3, 2009, and continuing to the present, S.W. and other members of the class have been diagnosed with ASD as listed in the DSM IV or V.

24. S.W. and other members of the class have required, currently require or will require ABA therapy to treat their ASD. As defined by the Plan and relevant state and federal law, their ABA therapy services are "mental health services." Defendants, however, have excluded all coverage of such treatment through the application of exclusions and limitations.

25. The application of these uniform Plan exclusions and limitations is not "at parity" with the Plan's coverage of medical/surgical services. As a result, S.W. and other members of the class have paid for ABA therapy out of their own pockets, or face the imminent threat that they will have to do so in the near future. Other class members have been forced to forgo needed treatment due to Defendants' conduct.

26. In light of the established Plan documents, statements and written representations by Defendants to the parents and providers of S.W. and other members of the class, any attempt by class members to pursue administrative remedies is futile. Nonetheless, S.W. has completed the internal appeal process within the Plan to no avail. She has exhausted her administrative remedies.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM:
### BREACH OF FIDUCIARY DUTIES
### ERISA § § 404(a)(1), 502(a)(2); 29 U.S.C. §§ 1104(a), 1132 (a)(2)

27. S.W. re-alleges all paragraphs above.

28. Defendant Raytheon Company is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it is the "Plan Sponsor" and is a Plan fiduciary. Defendant Raytheon Company exercises discretionary authority or discretionary control with respect to the denial and appeal of denied claims under the Plan.

29. Defendant William Bull is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because he is the Plan Administrator and a Plan fiduciary. Defendant Bull exercises discretionary authority or discretionary control with respect to the denial and appeal of denied claims under the Plan.

30. ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

31. ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties

imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

32. The terms of an ERISA plan include non-preempted provisions of substantive law, such as the requirements in the Federal Mental Health Parity Act and certain section of the Affordable Care Act. Defendants have failed to comply with the terms of the Plan, which include the requirements of the Federal Mental Health Parity Act and its implementing regulations as well as other federal law.

33. Defendants violated their obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), by failing to act in accordance with the documents and instruments governing the Plan, and breached their fiduciary duties to the Plan, S.W. and all class members.

34. As a direct and proximate result of these acts and omissions, S.W., class members and the Plan have suffered harm and losses and are entitled to relief under ERISA against Defendants.

35. S.W., class members and the Plan seek recovery of all losses to the Plan, including, but not limited to, relief compelling Defendants to restore to the Plan all losses, including interest, arising from the breaches of fiduciary duties when treatment required by the terms of the Plan as modified by the Federal Mental Health Parity Act and implementing regulations was denied.

## SECOND CLAIM:
## CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS UNDER TERMS OF THE PLANS AND CLARIFICATION OF RIGHT TO FUTURE BENEFITS UNDER THE PLAN
## ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

36. S.W. re-alleges all the paragraphs above.

37. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

38. S.W. and the class are entitled to recover benefits due them under the terms of the Plan. They are also entitled to a declaration of present and future rights to coverage of ABA therapy to treat ASD.

## THIRD CLAIM:
## CLAIM TO ENJOIN ACTS AND PRACTICES IN VIOLATION OF THE TERMS OF THE PLANS, TO OBTAIN OTHER EQUITABLE RELIEF AND TO ENFORCE THE TERMS OF THE PLANS
## ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

39. S.W. re-alleges all the paragraphs above.

40. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." S.W. and the class seek to enjoin Defendants from continuing to apply exclusions and limitations on all coverage of ABA therapy to treat ASD. S.W. and the class also seek to have Defendants provide the class with corrective notice and reformation of the relevant Plan documents.

41. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), then S.W. and the class seek equitable remedies including, without

9

limitation, unjust enrichment, disgorgement, restitution, surcharge and consequential damages arising out of the Defendants' failure to administer the terms of the Plan as modified by the Federal Mental Health Parity Act and implementing regulations.

## VII. DEMAND FOR RELIEF

WHEREFORE, S.W. requests that this Court:

1. Certify this case as a class action; designate named plaintiff S.W. as class representative, and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore, and FAIR WORK, P.C., Stephen Churchill, as class counsel;

2. Enter judgment on behalf of the Plan, S.W. and the class for losses sustained by such Plan due to Defendants' breaches of fiduciary duty and failure to pay Plan benefits;

3. Declare that Defendants may not apply plan provisions, policies or practices that wholly exclude or impermissibly limit outpatient ABA therapy services to treat ASD, a mental health condition, since such exclusions and/or limitations are not predominantly applied to outpatient medical and surgical services;

4. Enjoin Defendants from further violations of the terms of the Plan as modified by the Federal Mental Health Parity Act and implementing regulations;

5. Enter judgment in favor of S.W. and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Federal Mental Health Parity Act and its implementing regulations;

6. Award S.W. and the class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

7. Award such other relief as is just and proper.

DATED:  May 4, 2017.

        FAIR WORK, P.C.

        By:  *s/ Stephen Churchill*
        Stephen Churchill, (BBO #564158)
           192 South Street, Suite 450
           Boston, MA 02111
           Tel. (617) 607-3260
           Fax (617) 448-2261
           Email:  steve@fairworklaw.com

        SIRIANNI YOUTZ
        SPOONEMORE HAMBURGER

        By:  *s/ Eleanor Hamburger*
        By:  *s/ Richard E. Spoonemore*
        Eleanor Hamburger  (WSBA #26478)
        Richard E. Spoonemore  (WSBA #21833)
        *(pro hac vice application to follow)*
           701 Fifth Avenue, Suite 2560
           Seattle, WA  98104
           Tel. (206) 223-0303
           Fax (206) 223-0246
           Email:  rspoonemore@sylaw.com
                  ehamburger@sylaw.com

        Attorneys for Plaintiff